IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 14-01611 (ESL) |
| CARLOS JAVIER CRESPO TORRES | CHAPTER 13 |
| Debtor | |
| CARLOS JAVIER CRESPO TORRES | ADV. PROC. NO. 14-00127 (ESL) |
| Plaintiff | |
| vs. | |
| SANTANDER FINANCIAL SERVICES, INC. D/B/A ISLAND FINANCE; ALEJANDRO OLIVERAS RIVERA; CHAPTER 13 TRUSTEE | |
| Defendants | |

OPINION AND ORDER

This case is before the court upon the *Motion for Summary Judgment* filed by Santander Financial Services, Inc. d/b/a Island Finance (hereinafter referred to as "SFS" or "Defendant"), seeking a determination that Defendant did not willfully violate the automatic stay provisions of 11 U.S.C. §362(a) when it mailed a post-petition letter to the Debtor to notify him that it had sold its unsecured credit to Midland Funding, LLC, and that any future payments would have to be made to said entity.  The Debtor filed a *Cross Motion for Summary Judgment  and Memorandum of Law in Support* seeking a determination that Defendant willfully violated the automatic stay provisions pursuant to 11 U.S.C. §362(a) when it sent the Debtor a letter requesting that payment be sent to a collection agency. The Debtor/Plaintiff requests this court to award him actual damages estimated in no less than $15,000 and reasonable attorney's fees under 11 U.S.C. §362(k)(1) and (2). For the reasons stated herein the Defendant's *Motion for Summary Judgment* is granted and the Plaintiff's *Cross Motion for Summary Judgment* is denied.

-1-

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Facts and Procedural Background

The Debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on February 28, 2014 (lead case, No. 14-01611[1]). Also on February 28, 2014, the Debtor filed his Chapter 13 Payment Plan dated February 28, 2014 (lead case, Docket No. 2). On March 14, 2014, SFS filed proof of claim #2-1 for an unsecured personal loan in the amount of $6,287.38. The 341 meeting of the creditors was held and closed on April 2, 2014 (lead case, Docket Nos. 4 & 13). On April 15, 2014, the Debtor amended various Schedules, including Schedule F-Creditors Holding Unsecured NonPriority Claims and listed Santander Financial Services as an unsecured creditor in the amount of $6,287.38 (lead case, Docket No. 18). On April 28, 2014, American InfoSource LP as agent for Midland Funding LLC filed proof of claim #6-1 for an unsecured claim in the amount of $4,805.82. The basis of the claim is listed as revolving credit/services rendered and on line item #3a it informs that the Debtor may have scheduled the account as Santander Financial Services. A Statement of Accounts formed part of the supporting documents of proof of claim #6-1. The Statement of Accounts stated that Santander Financial Services was the original creditor who dealt with the debtor and that further information regarding account transaction was available upon reasonable request.

On May 26, 2014, the Debtor initiated this adversary proceeding based upon an alleged willful violation of the automatic stay pursuant to 11 U.S.C. §362(a) and for actual damages, punitive damages and legal fees under 11 U.S.C. §362(k)(1) and (k)(2) stemming from the willful violation. The alleged wilful violation consists in that the Defendant mailed a letter dated April 2, 2014 to Debtor, requesting that payment be sent to a collection agency. The Debtor

---

[1] References to the lead case are to the entries and documents filed in the bankruptcy case, case number 14-01611 (ESL).

alleges that: "Defendants' unsecured creditor's acts and or its agents have caused damages to debtor/plaintiff estimated in no less than USD $15,000.00, and since it is a continuing act those that may accrue in the future." (Docket No. 1, pg. 5). On July 22, 2014, Debtor's counsel filed a *Motion Requesting Leave to Withdraw, P.R. LBR 9010-1(3)(c)* (Docket No. 6) and also requested the court to grant Plaintiff thirty (30) days to retain new legal counsel. This motion was granted on July 28, 2014 (Docket No. 8). On August 7, 2014, the Debtor's new attorney filed a *Notice of Entry of Appearance and Request for Service of Papers Filed* (Docket No. 11). On September 20, 2014, the Debtor filed a *Motion Requesting New Summons* (Docket No. 14) and the same was issued on September 23, 2014 (Docket No. 16).

On October 13, 2014, SFS filed a *Motion for Extension of Time to Plead* of twenty-one (21) days (Docket No. 18). On October 19, 2014, the Defendant filed its *Answer to the Complaint* (Docket No. 19).

Subsequently, after the Debtor filed various amended plans of reorganization (lead case, Docket Nos. 19, 31, 33, 50, 60 & 72) the Chapter 13 plan of reorganization dated November 21, 2014 was confirmed on December 30, 2014 (lead case, Docket No. 74).

On January 10, 2015, the parties filed a *Joint Pre-Trial Report* (Docket No. 20).  On January 14, 2015, the preliminary pre-trial hearing was held in which the court Ordered the following: The parties are granted thirty (30) days to file dispositive motions and replies are due fourteen (14) days thereafter. The pre-trial hearing is continued without a date (Docket No. 21).

On January 23, 2015, the Trustee filed his *Objection to Claim Number 06 Filed by American InfoSource LP as Agent for Midland Funding LLC Notice and Certificate of Service* arguing that Claim No. 6 is unenforceable against the Debtor pursuant to 11 U.S.C. §502(b)(1), given that this a duplicate of claim No. 2 (lead case, Docket No. 79). On February 6, 2015, American InfoSource LP, as agent for Midland Funding LLC, filed a *Transfer of Claim Other Than for Security* informing the court that SFS had transferred claim No. 2 to Midland Funding LLC (lead case, Docket No. 80). On February 9, 2015, American InfoSource LP as agent for Midland Funding LLC filed a *Withdrawal of Proof of Claim* number 6 filed on April 28, 2014

(Docket No. 82). On February 26, 2015, the court denied the Trustee's objection to claim #6 filed by American InfoSource LP, as agent for Midland Funding LLC, as moot given the withdrawal of claim at docket No. 82 (lead case, Docket No. 86).

On February 18, 2014, the court issued an Order noting that the parties had failed to file the dispositive motions and thus, ordered the parties to move the court within fourteen (14) days informing the status of their respective positions (Docket No. 24). On February 25, 2015, SFS filed a *Motion for Summary Judgment* arguing that the text of the letter that was received by Debtor post-petition, "… clearly shows that SFS intended to notify debtor Crespo that it had sold its unsecured credit to Midland Funding, LLC, and that any future payments would have to be made to said entity. Clearly, the text of the letter shows no intent by SFS to collect the unsecured debt or to violate the automatic stay" (Docket No. 26-3, pg. 4). On March 2, 2015, the Debtor filed a cross *Motion for Summary Judgment and Memorandum of Law in Support* arguing that SFS willfuly violated the automatic stay because it had knowledge of the stay and failed to take corrective actions. The Debtor argues that SFS, "[i]nstead of utilizing the means provided by the bankruptcy process, such as a notice of transfer of claim, [SFS] chose to send the letter in question directly to the Debtor requesting to make payments to a collection agency." (Docket No. 27, pg. 4).

The issue before the court is whether the letter sent post-petition by SFS to Debtor constitutes a violation of the automatic stay provisions.

Material Uncontested Facts

1. The Debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on February 28, 2014.

2. Defendant SFS is an unsecured creditor of the estate.

3. On March 14, 2014, SFS filed claim #2 in the lead case.

4. On April 2, 2014, SFS sent a letter[2] to Debtor regarding a personal loan that stated the following:

"We wish to inform you that, as of March 26, 2014, your account [xxxx] with Santander Financial Services, Inc., was sold to Midland Funding, LLC. We would appreciate if your payments [were] made to the following address:

Midland Credit Management
P.O. Box 60578
Los Angeles, CA 90060

If you have any questions or need additional information, you should contact 866-406-7565.

Cordially,

José Ortega
Vice President" (Docket No. 27-2, Exhibit A).

5. The telephone number 866-406-7565 belongs to Midland Credit Management.

6. On April 28, 2014, Midland Funding filed claim #6 for the same personal loan as SFS.

---

[2] The letter in the Spanish language states as follows:

"Deseamos informarle que, efectivo el 26 de marzo de 2014, su cuenta [xxxx] con Santander Financial Services, Inc. fue vendida a la compañía Midland Funding, LLC. Le agradeceremos efectué sus pagos a la siguiente dirección:

Midland Credit Management
P.O. Box 60578
Los Angeles, CA 90060

De tener alguna duda, o necesitar información adicional, deberá comunicarse al 866-406-7565.

Cordialmente,

José Ortega
Vicepresidente." (Docket No. 26-2, Exhibit 2)

<u>Applicable Law and Analysis</u>

*Standard for Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, <u>In re Colarusso</u>, 382 F.3d 51 (1st Cir. 2004), citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, <u>Federal Practice and Procedure</u>, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." <u>Id.</u> at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. <u>Id.</u> at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. <u>Hahn v. Sargent</u>, 523 F.2d 461, 464 (1st Cir. 1975), <u>cert. denied</u>, 425 U.S. 904 (1976). When considering a petition for

summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

There are no material facts in controversy. The critical issue before the court is whether the letter sent by SFS to the Debtor on April 2, 2014 constitutes a collection action and, thus, violates the automatic stay provisions of § 362(a).

For the reasons explained below, this court grants the Defendant's motion for summary judgment and denies the Debtor's cross motion for summary judgment.

*Violation of the Automatic Stay*

The automatic stay in 11 U.S.C. §362(a) is one of the basic protections under the Bankruptcy Code and becomes operative by the filing of the bankruptcy petition. Soares v. Brockton Credit Union (In re Soares), 107 F. 3d 969, 971 (1st Cir. 1997). The automatic stay is extremely broad in scope and, "aside from the limited exceptions of subsection (b), applies to almost any type of formal or informal action taken against the debtor or the property of the estate." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2015). Furthermore, the automatic stay also protects creditors since it prevents the "dismemberment of a debtor's assets by individual creditors levying on the property. This promotes the bankruptcy goal of equality of distribution" Id. The automatic stay provides debtors with one of the cornerstone protections under bankruptcy law, giving debtors a "breathing room" from the pressures of their creditors. See In re Soares, 107 F. 3d at 975. Given its utmost importance in the bankruptcy system, courts "must display a certain rigor in reacting to violations of the automatic stay." In re Soares, 107 F. 3d. at 975-976.

The First Circuit in Laboy v. Doral Mortg. Corp. (In re Laboy), 647 F. 3d 367, 374 (1st Cir. 2011) stated the following regarding whether a violation is deemed "willful:" "[a] violation is 'willful' if a 'creditor's conduct was intentional (as distinguished from inadvertent), and committed with knowledge of the pendency of the bankruptcy case.'" In re Laboy, 647 F. 3d. at 374 citing In re McMullen, 386 F. 3d 320, 330 (1st Cir. 2004). This court in the case of In re Soto Rios, 2009 Bankr. Lexis 2992 (Bankr. D.P.R. 2009) discussed the standard for a willful violation of the automatic under Section 362(k) and stated the following:

> "Section 362(k)(1) allows an individual to recover actual damages, costs and attorneys' fees, and in appropriate circumstances punitive damages when he or she

-8-

is injured by a willful violation of the automatic stay. See 11 U.S.C. §362(k)(1). "A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under §362(h) is met if there is knowledge of the stay and if the Defendant intended the actions which constituted the violation." [3] Fleet Mortg. Group. Inc. v. Kaneb, 196 F. 3d 265, 269 (1st Cir. 1994). "The words 'shall recover' indicate that Congress intended that the award of actual damages, costs and attorneys' fees be mandatory upon a finding of a willful violation of the stay." Heghmann v. Indorf (In re Heghmann), 316 B.R. 395, 405 footnote 9 (B.A.P. 1st Cir. 2004)(quoting Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 589 (B.A.P. 9th Cir. 1995)); See In re Atamian, 344 B.R. 200, 205 (Bankr. D. Mass. 2006); Parker v. Boston Univ. (In re Parker), 334 B.R. 529, 536-537 (Bankr. D. Mass. 2005). Moreover, a good faith belief in a right to certain property is irrelevant in determining the willfulness in an automatic stay violation. Fleet Mortg. Group Inc. v. Kaneb, 196 F. 3d at 268-269. The burden is on the debtor to prove by a preponderance of the evidence that he suffered damages as a consequence of the violation of the automatic stay. See In re Heghmann, 316 B.R. at 404-405. Under Section 362(k)(1) of the Bankruptcy Code actual damages should only be awarded if there is concrete evidence which supports with reasonable certainty the amount of the award. Id. At 405." In re Soto Rios, 2009 Bankr. Lexis 2992, *13-14.

Section 362(a)(6) stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6). "The wording of this provision is somewhat similar to that of section 362(a)(1) but the provision applies to any 'act' whether or not that act is related to an 'action' or a 'proceeding.' Thus, any act taken to collect, assess or recover a prepetition claim against the debtor, whether the act is taken against the estate of against the debtor is stayed." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03[8] (16th ed. 2015). "Section 362(a)(6) is intended to prevent creditor harassment of the debtor in attempting to collect prepetition debts. The conduct prohibited ranges from that of an informal nature, such as by telephone contact or by dunning letters, to more formal judicial and administrative proceedings that are also stayed under subsection (a)(1)." Id. The purpose of section 362(a)(6) is "to benefit a debtor by preventing harassment and frustration of rehabilitation efforts through pursuit by creditors in individual actions." In re Duke, 79 F. 3d 43, 45 (7th Cir. 1996) citing Matthews v. Rosene, 739 F. 2d 249, 251 (7th Cir. 1984). However, the court in In re Duke explained the danger of misinterpreting

---

[3] Section 362(k)(1) was previously codified as subsection 362(h) of the Bankruptcy Code.

section 362 as equating that there cannot be any type of communication between a debtor and creditors in a reaffirmation context.[4] The Seventh Circuit explained as follows:

> "Taken to its logical extreme, §362 could be construed to prohibit all contact between creditors and debtors after a petition has been filed, with respect to dischargeable debts. The courts have not pushed it that far, however, not least because to do so would create significant tension with the right to reaffirm." In re Duke, 79 F. 3d at 45.

In the instant case, the court finds that SFS did not violate the automatic stay, namely 11 U.S.C. §362(a)(6), by mailing a letter that simply informed the Debtor that his account was sold on March 26, 2014 to Midland Funding, LLC and that payments should be made to the address included in the letter.  The court further finds that the letter sent by SFS was not an attempt to collect a pre-petition debt, but was merely an informative letter from a predecessor creditor disclosing the name and address of a successor creditor. The court determines that section 362 should not be misinterpreted to prohibit all contact between creditors and debtors after a petition has been filed.

---

[4] The First Circuit in Jamo v. Katahdin Fed. Credit Union (In re Jamo), 283 F. 3d 392 (1st Cir. 2002), reversed the decision of the Bankruptcy Appellate Panel which found that the creditor had violated the automatic stay.  The First Circuit held that the creditor's linkage of secured and unsecured debts in the reaffirmation proposal did not constitute a violation of the automatic stay. The First Circuit cites approvingly the case of In re Duke in the reaffirmation context.  The First Circuit held the following:

> "To be sure, there is a fine line between hard-nosed negotiations and prefatory tactics—and if the automatic stay is to have any bite, it must forfend against the latter. Courts have labored long to plot this line. The most sensible rule—and one that we endorse—is that a creditor may discuss and negotiate terms for reaffirmation with a debtor without violating the automatic stay as long as the creditor refrains from coercion or harassment. Cox v. Zale Del., Inc., 239 F. 3d 910, 912 (7th Cir. 2001); Pertuso v. Ford Motor Credit Co., 233 F. 3d 417, 423 (6th Cir. 2000).  We believe that this measured approach gives effect to all parts of the statutory scheme, affording all parties a reasonable opportunity to consummate binding reaffirmation agreements while at the same time shielding debtors from unseemly creditor practices.  Accordingly, we hold that, while the automatic stay is in effect, a creditor may engage in post-petition negotiations pertaining to a bankruptcy –related reaffirmation agreement so long as the creditor does not engage in coercive or harassing tactics." In re Jamo, 283 F.3d at 399.

Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is granted and Debtor's cross motion for summary judgment is denied. Judgment shall be entered dismissing the complaint.

SO ORDERED.

In San Juan, Puerto Rico, this 18th day of June, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge